IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | Cause No. CV 11-66-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

On November 14, 2011, the Court received from Petitioner Ellenburg, a state prisoner proceeding pro se, a pleading titled "Petition for Federal Review Per Rule 81(c)," a motion to proceed in forma pauperis, and several exhibits consisting of copies of documents filed in one or more proceedings in the Montana Supreme Court. The Clerk filed the documents as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

A pleading has to be filed as something, but Petitioner's pleading cannot fairly be construed as a habeas petition.[1] He may allege, somewhere in his state-court

---

[1] Mahoney retired from his position as Warden of Montana State Prison in August.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

pleadings, that he should be released as a remedy for alleged constitutional violations, but that is not the same thing as showing that he is "in custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that § 2254 is the proper jurisdictional basis for any habeas action filed by a prisoner who is in custody pursuant to a state court's judgment), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc).

If the pleading could fairly be construed as some other sort of action against Mahoney, amendment or service might be appropriate, but it cannot. The lateral move Petitioner makes, "refiling saidsame documents affording federal review," Pet. (doc. 1) at 1, is not available. Removal jurisdiction, which Petitioner attempts to invoke by referring to Fed. R. Civ. P. 81(c), is not available to a party who elected to file in state court in the first place. 28 U.S.C. § 1441(a) (authorizing removal of action "by the defendant or the defendants"). Appellate review of the merits of the Montana Supreme Court's decisions regarding Petitioner's original petitions in that court might be available in the United States Supreme Court, but not in this Court or the Ninth Circuit Court of Appeals. 28 U.S.C. §§ 1257, 1331, 1738; *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1078-79 (9th Cir. 2000) (en banc). Finally, Petitioner's allegations have nothing to do with Mahoney personally or with the

Warden of Montana State Prison. There is no technical deficiency that could be cured by amendment.

Leave to proceed in forma pauperis should be denied, amendment should not be permitted because the deficiencies of the pleading are not technical but fundamental, and the pleading should be dismissed for lack of federal appellate jurisdiction over state court proceedings. A certificate of appealability should be denied because reasonable jurists could not find this action cognizable in habeas, *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), and the district court should certify that any appeal would be taken in bad faith, Fed. R. App. P. 24(a)(3)(A).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The motion to proceed in forma pauperis (doc. 2) should be DENIED;

2. The pleading (doc. 1) should be DISMISSED for lack of federal appellate jurisdiction;

3. The Clerk of Court should be directed to enter a judgment of dismissal;

4. A certificate of appealability, to the extent it may be deemed required, is DENIED; and

5. The district court should CERTIFY that any appeal from its disposition would be taken in bad faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Petitioner files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Petitioner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Petitioner must immediately advise the Clerk of Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice

to Petitioner.

DATED this 1st day of December, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge