

**FILED**

DEC 0 9 2011

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | Cause No. CV 11-66-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Petitioner Michael Ellenburg filed a pleading and several attachments on

November 14, 2011. The Clerk filed the pleading, titled "Petition for Federal

Review Per Rule 81(c)," as a petition for writ of habeas corpus.

United States Magistrate Judge Strong entered Findings and

Recommendations on December 1, 2011. (Dkt # 3.) He recommended this Court

-1-

deny Ellenburg's motion to proceed in forma pauperis and dismiss his pleading for lack of federal appellate jurisdiction. Judge Strong found that Ellenburg's pleading could not fairly be construed as a habeas petition. He also rejected Ellenburg's attempt, by invoking Rule 81(c), to remove a case he had filed in state court to federal court because removal is only available to defendants. Thirdly, he rejected Ellenburg's request for "federal review" of a decision of the Montana Supreme Court because federal district courts cannot provide appellate review for state court decisions.

Ellenburg timely filed objections, titled "Petition for De Novo Review," on December 7, 2011. (Dkt # 4.) He agreed with Judge Strong that his filing could not be construed as a habeas petition. He again asserted that he sought federal review of the Montana State Supreme Court's decision that was attached to the original pleading. He also requested declaratory judgment concerning actions by prison officials that he alleges have denied him access to the courts, free speech, and due process.

Ellenburg is correct that he is entitled to *de novo* review of the specified findings or recommendations to which he objects, 28 U.S.C. § 636(b)(1), and that pro se pleadings are to be liberally construed, Haines v. Kerner, 92 S.Ct. 594 (1972). The Court reviews portions of the Findings and Recommendation not

-2-

specifically objected to for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

Even construing Ellenburg's pleading and objections liberally, the Court finds no basis for jurisdiction. This Court agrees with Ellenburg and Judge Strong that Ellenburg's pleading is not a habeas petition. Neither his pleading nor objections allege he was convicted or detained unlawfully. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 80–81 (2005). Thus, to the extent that Ellenburg seeks review of the state court decisions cited in and attached to his pleading, this Court is barred from reviewing the decisions under the principles of res judicata and 28 U.S.C. § 1257. See also 28 U.S.C. §§ 1331, 1738; <u>Gruntz v. County of Los Angeles (In re Gruntz)</u>, 202 F.3d 1074, 1078-79 (9th Cir. 2000) (en banc).

Ellenburg's remaining objections concern alleged acts and omissions of prison officials during his detention that he claims infringed on his right of access to the courts, his right of free speech, and his right to due process. He argues Mike Mahoney was responsible for these alleged violations as the warden at the time the actions allegedly took place, based on his supervisory role and responsibility for implementing policies at the prison.

Generally, 42 U.S.C. § 1983 is the proper vehicle for prisoners to raise constitutional claims against persons acting under the color of state law. The

-3-

redress available through § 1983 includes declaratory or injunctive relief. E.g. Wilkinson, 544 U.S. 74. The Declaratory Judgment Act, 28 U.S.C. §§ 2201, applies only if federal jurisdiction exists independently, such as under § 1983. Guaranty Nat. Ins. Co. v. Gates, 916 F.2d 508, 511 (9th Cir. 1990).

However, 28 U.S.C. § 1915(g) limits this right for prisoner-litigants who have previously filed three or more actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim. A prisoner subject to § 1915(g) must make plausible allegations that he is "under imminent danger of serious physical injury" in order to bring § 1983 claim. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055 (2007).

Ellenburg has filed multiple § 1983 claims with this Court and is subject to the restrictions of § 1915(g). See CV 9-106-M-DWM-JCL, dkt # 4. His pleading and objections lack any showing he is "under imminent danger of serious physical injury." Thus, he may not bring a § 1983 claim in this court.

The Court finds no other basis for federal jurisdiction and no clear error in Judge Strong's remaining findings and recommendations.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendation (dkt # 3) are adopted in full.

2.  Ellenburg's motion to proceed in forma pauperis (dkt # 2) is DENIED.

3.  The pleading (dkt # 1) is DISMISSED for lack of federal jurisdiction.

4.  The Clerk of Court is directed to enter a judgment of dismissal.

5.  The Clerk of Court is further directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

Dated this ___ day of December, 2011.

Donald W. Molloy, District Judge
United States District Court